**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-5058**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MARCUS DOMINIC BROOKS,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg. David A. Faber, Chief District Judge. (CR-04-40)

Submitted: June 21, 2006        Decided: August 30, 2006

Before NIEMEYER and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

J. Mark Sutton, SUTTON & JANELLE, P.L.L.C., Martinsburg, West Virginia, for Appellant. Thomas E. Johnston, United States Attorney, Thomas O. Mucklow, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Marcus Dominic Brooks appeals the 262-month sentence imposed by the district court after he pled guilty to conspiracy to possess with intent to distribute and to distribute fifty grams or more of crack cocaine, in violation of 21 U.S.C. § 846 (2000); possession with intent to distribute 108 grams of crack, in violation of 21 U.S.C. § 841(a)(1) (2000), and 18 U.S.C. § 2 (2000); and possession with intent to distribute 129 grams of cocaine, in violation of § 841(a)(1) and § 2. On appeal, Brooks asserts that the district court erred by applying a two-level upward adjustment under U.S. Sentencing Guidelines Manual § 3C1.2 (2004), for reckless endangerment during flight. He also asserts that the court erred by refusing to award a downward adjustment under USSG § 3E1.1 for acceptance of responsibility. We affirm.

In a post-Booker* sentencing, such as this, a district court must calculate the applicable guideline range after making the appropriate findings of fact, consider the range in conjunction with other relevant factors under the guidelines and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006), and impose a sentence. United States v. Moreland, 437 F.3d 424, 432 (4th Cir.) (citing United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005)), cert. denied, 126 S. Ct. 2054 (2006). The sentence must be "within the statutorily prescribed range and . . . reasonable." Hughes, 401

*United States v. Booker, 543 U.S. 220 (2005).

F.3d at 546-47 (citations omitted).  In reviewing the calculation of the advisory sentencing guideline range, this court "review[s] the district court's legal conclusions <u>de novo</u> and its factual findings for clear error."  <u>United States v. Hampton</u>, 441 F.3d 284, 287 (4th Cir. 2006).

Brooks asserts on appeal that the district court erred in failing to apply a two-level downward adjustment for acceptance of responsibility.  We review a district court's decision to grant or deny an adjustment for acceptance of responsibility for clear error.  <u>United States v. May</u>, 359 F.3d 683, 688 (4th Cir. 2004). Our review of the record convinces us that the district court did not clearly err in refusing to apply an acceptance of responsibility downward adjustment.

Brooks also challenges the district court's application of the upward adjustment for reckless endangerment during flight. He contends that he did not create a substantial risk of death or serious bodily injury because there was no high-speed pursuit, there was only minimal property damage from his backing into an officer's unmarked vehicle, and no one was injured.  Because Brooks challenges the application of the reckless endangerment adjustment to the undisputed facts of his case, our review is de novo.  <u>See</u> <u>Hampton</u>, 441 F.3d at 287; <u>United States v. Butner</u>, 277 F.3d 481, 487-88 (4th Cir. 2002) (reviewing de novo legal ruling based upon undisputed facts).  After thoroughly reviewing the record on

appeal, we are convinced that the adjustment was warranted.  <u>See</u> <u>United States v. Galvan</u>, 407 F.3d 954, 957-58 (8th Cir.) (upholding upward adjustment under § 3C1.2 where officers pursued defendant into residential neighborhood, and defendant abruptly made U-turn and drove his car close to officers approaching on foot), <u>cert.</u> <u>denied</u>, 126 S. Ct. 497 (2005).

Accordingly, we affirm Brooks' sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>